IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AUGUSTUS P. GOMEZ, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-0098-CG-C |
| | ) |
| **ATLANTIC MARINE, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the motion of plaintiffs to declare that the judgments entered in favor of plaintiffs are final for the purposes of collection (Doc. 39), the response thereto of defendant, Atlantic Marine, Inc. (Doc. 42), plaintiffs' reply (Doc. 43), and Atlantic Marine's motion to file surreply with attached brief (Doc. 44).

As an initial matter, the motion of Atlantic Marine to file surreply (Doc. 44) is **GRANTED,** and the court will consider the attached pleading in determining the issues before the court.

Judgments were entered in favor of all plaintiffs in this case pursuant to the plaintiffs' acceptance of defendants' offers of judgment. The judgments awarded each plaintiff the sum of $12,250.00, plus costs and attorneys' fees. (Docs. 31-38). The parties now dispute the tax treatment of the judgments. Defendant, Atlantic Marine, asserts that federal and state income taxes and F.I.C.A. should be withheld from the awards. Defendant, Atlantic Marine, requests that the plaintiffs' motion be denied "until such time as the court has adjudicated the issues regarding the tax treatment of the amounts to be paid. Additionally, defendant requests that this court find that Atlantic Marine has satisfied the judgments by tendering to each plaintiff a check

for $12,500.00 less federal and state income taxes and F.I.C.A. (Doc. 42, p. 3).

The court finds that the judgments entered in this case are final judgments. Unresolved issues regarding attorney's fees and costs are collateral and do not prevent judgment on the merits from being final. See Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988); Budinich v. Becton, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

> "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-634, 89 L.Ed. 911 (1945). A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order. See, e.g., Brown Shoe Co. v. United States, 370 U.S. 294, 308-309, 82 S.Ct. 1502, 1514-1515, 8 L.Ed.2d 510 (1962); Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 513-516, 70 S.Ct. 322, 325-326, 94 L.Ed. 299 (1950).

Budinich, 486 U.S. at 199, 108 S.Ct. at 1720. The judgments in this case ended the litigation of the merits of each and every claim as to all parties in this case. Therefore, the court finds that the judgments in this case were final at the time they were entered. As such, defendant's request that the court delay entry of final judgment is misplaced.

As to defendant's request that this court find that Atlantic Marine has satisfied the judgments and plaintiffs' argument to the contrary, the court notes that Judge Steele of this court has recently addressed this precise issue in a nearly identical case against the same defendants, Apkins v. Atlantic Marine, Inc., 05-cv-00456-WS-B. In Apkins, Judge Steele found as follows:

> A federal court has no inherent power to resolve disputes over a settlement agreement simply because it was reached in connection with a lawsuit in the federal forum. When a case is dismissed pursuant to Rule 41(a), there must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 380-82 (1994). The

latter can be accomplished by "a provision 'retaining jurisdiction' over the settlement agreement or by incorporating the terms of the settlement agreement in the order." Id. at 381.  However, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Id.

"[A] Rule 68 judgment necessarily incorporates the terms of the underlying offer" and thus satisfies Kokkonen.  Fafel v. DiPaola, 399 F.3d 403, 414 (1st Cir. 2003); accord Aynes v. Space Guard Products, Inc., 201 F.R.D. 445, 450 (S.D. Ind. 2001).  Moreover, "[a]ncillary jurisdiction may be properly exercised to protect a judgment of a court through enforcement proceedings,"[FN 2 Eagerton v. Valuations, Inc., 698 F.2d 1115, 1119 n.9 (11th Cir. 1983).] and the defendant's argument challenges the terms of the Court's judgment, which the plaintiffs seek to protect.  The parties do not disagree that the Court has jurisdiction to hear the defendant's contention.

Because an offer of judgment is not subject to negotiation but must be accepted or rejected as is, and because the offeree is exposed to potential financial penalty if he fails to accept, "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror." Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d 1238, 1244 (11th Cir. 2002).  Thus, "any ambiguity in the terms of an offer must be resolved against its drafter ...." Id.  When the offer "says nothing one way or the other about" a particular item but "simply offers an amount with costs," the court and the offeree "are left to speculate" about the item.  Id.  The resulting "ambiguity must be construed against" the offeror.  Id.

In the offers of judgment under consideration, the defendant "hereby offers to allow judgment to be taken against Defendant in this action and in favor of [a named plaintiff], for the sum of Twelve Thousand Two Hundred Fifty Dollars ($12,250.00), plus costs and attorneys' fees reasonably incurred to date, in an amount to be determined by the Court."  (Doc. 73).  The offer "says nothing one way or the other" about whether income and FICA taxes are to be backed out of this amount before remittance to the plaintiffs.  Because, due to this silence, the offer of judgment can reasonably be read as meaning that each plaintiff will receive full the amount of $12,250, it is ambiguous and must be construed favorably to the plaintiffs.  Accord Cates v. Pilot Communications, LLC, 2001 WL 135845 at *2 (D. Me. 2001)("[W]ithout an explicit designation in the Offer of Judgment, it is not clear that the parties agreed that any portion of the Judgment constituted back pay and the Court will not look beyond the language of the parties' agreement to make such a determination.")

The defendant stresses its position that federal law requires it to treat the entire settlement amount as wages and, thus, to withhold income and FICA taxes on the whole.  Assuming for purposes of argument that the defendant's understanding of tax law is correct, it is irrelevant to the interpretation of its offer of judgment.  If the defendant wished to preserve the right to remit to each plaintiff some figure below $12,250, it was required to do so expressly in the offer of judgment. [FN 3

> The proper tax treatment of the settlement amount, and the initial and ultimate responsibility of the parties to remit any income or FICA taxes to the appropriate authorities, thus remain unresolved.  It seems doubtful that the issue could be properly presented to this Court in another guise, because its ancillary jurisdiction can be exercised only "to manage its own proceedings, vindicate its authority, and effectuate its decrees."  <u>Kokkonen v. Guardian Life</u>, 511 U.S. at 379-80.  Because, as discussed in text, the judgment entered by the Court — like the offer of judgment on which it was based — does not address matters of taxation, resolution of those issues are not necessary to enforce the judgment or otherwise to manage these proceedings, vindicate the Court's authority, or effectuate its decrees.]

<u>Apkins v. Atlantic Marine</u>, Inc., 05-cv-00456-WS-B, Doc. 113, pp. 2- 4 (S.D. Ala. July 28, 2006).  The court agrees with the above analysis and finds it is applicable to the present case.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to declare that the judgments entered in favor of plaintiffs are final for the purposes of collection (Doc. 39), is **GRANTED** and defendant's request that this court find that Atlantic Marine has satisfied the judgments entered in this case (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** this 4th day of August, 2006.

  /s/ Callie V. S. Granade  
**CHIEF UNITED STATES DISTRICT JUDGE**