## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| AUGUSTUS P. GOMEZ, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 06-0098-CG-C |
| ATLANTIC MARINE, INC., et al., | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the motion of Atlantic Marine, Inc. for reconsideration of this court's order of August 4, 2006. (Doc. 47).

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgement or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Atlantic Marine asserts that the court should reconsider the order because it creates a manifest injustice. (Doc. 47, p. 1). The only provisions of Rule 60(b) under which the court can determine that plaintiff could be seeking reconsideration is 60(b)(6).

Under Rule 60(b)(6), a court may grant relief for "any other reason justifying relief from

the operation of judgment." "[R]elief under this clause is an extraordinary remedy which may be

invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach,

242 F.3d 1017, 1020 (11th Cir. 2001)(quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680

(11th Cir.1984)).  Even if a movant can persuade the court that the circumstances are sufficiently

extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's

sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000)

(quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir.1996)).

Atlantic Marine contends that by declining to determine the proper tax treatment of

defendant's payments to plaintiffs pursuant to the offers of judgment, the order created a

manifest injustice because plaintiffs will be unjustly enriched.  The court disagrees.  Atlantic

Marine, as the offeror, was master of the offers of judgment and was free to express in them

whether the payments constituted wages subject to withholding.  As Judge William H. Steele of

this court recently stated in a similar case against Atlantic Marine:

> The adverse consequences to a defendant failing to do so – the responsibility to
> pay each plaintiff the entire judgment amount *and* to pay withholding taxes
> should that amount to be deemed wages by the authorities – were discernible in
> the case law applying Rule 68.  That the defendant now regrets the wording of its
> offers does not establish a manifest injustice that the Court should correct.

Earl Apkins et al. v. Atlantic Marine, Inc., No. 05-CV-0456-WS-B, Doc. 137, *2-3 (S.D. Ala.

Oct. 3, 2006) (footnote omitted).  Atlantic Marine has not demonstrated that this court's order of

August 4, 2006 creates a manifest injustice.  As such, Atlantic Marine has also failed to

demonstrate that manifest injustice justifies relief from this court's order of August 4, 2006, and

relief therefor is not warranted.

**CONCLUSION**

For the reasons stated above, the motion of Atlantic Marine, Inc. (Doc. 47) is **DENIED**.


**DONE** and **ORDERED** this 8th day of December, 2006.


 /s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**